UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

MOHAMMED ABDUL MOHI,

Defendant.

_____/

Case: 5:07-cr-20172
Assigned To: O'Meara, John Corbett
Referral Judge: Scheer, Donald A
Filed: 04-04-2007 At 01:25 PM
INDI USA V. SEALED MATTER (TAM)

VIOLATIONS:      18 U.S.C. § 1001(a)
                 18 U.S.C. § 1015(a)
                 18 U.S.C. § 1425(a)

# **INDICTMENT**

THE GRAND JURY CHARGES:

## **General Allegations**

1.      On or about December 24, 1952, Defendant MOHAMMED ABDUL MOHI was born in India.

2.      On or about September 22, 1998, Defendant MOHI immigrated to the United States as a legal permanent resident.

3.      On or about October 6, 2003, Defendant MOHI filed an application for naturalization (Form N-400) with the United States Department of Homeland Security, United States Citizenship and Immigration Services (CIS), to afford him the status of a United States citizen.

1

4.    On or about February 5, 2004, police officers (also known as public safety officers) from the City of Fraser, Michigan, arrested Defendant MOHI on the following charges:

(i)    Seven counts of criminal sexual conduct in the 4th degree, in violation of MCL 750.520e(1)(b);

(ii)    Four counts of furnishing alcohol to a minor, in violation of MCL 436.1701(1); and

(iii)    Three counts of contributing to the delinquency of a minor, in violation of 750.145.

5. On or about February 5, 2004, Defendant MOHI was booked into the Fraser Department of Public Safety jail. On or about February 6, 2004, Defendant MOHI was transferred from the Fraser Department of Public Safety jail to the Macomb County jail. That same day, Defendant MOHI was released from the Macomb County jail.

6. On or about June 23, 2004, Defendant MOHI appeared before the 39th District Court in Macomb, Michigan for a hearing to determine whether there was probable cause to subject him to trial on the criminal charges stated in Paragraph 4 above. After the hearing, on that same day, the 39th District Court instructed Defendant MOHI that there was sufficient evidence for him to stand trial on the following charges:

(i)    Three counts of criminal sexual conduct in the 4th degree, in violation of MCL 750.520e(1)(b);

(ii)   Four counts of attempted criminal sexual conduct in the 4th degree, in violation of MCL 750.520e(1)(b) and 750.92;

(iii)   Three counts of furnishing alcohol to a minor, in violation of MCL 436.1701(1); and

(iv)   Three counts of contributing to the delinquency of a minor, in violation of MCL 750.145.

The court instructed Defendant MOHI that the arraignment on these criminal charges was scheduled for July 26, 2004.

7. On or about June 24, 2004, CIS district adjudication officer (DAO) Andrew Coleman interviewed Defendant MOHI regarding his naturalization application (Form N-400). Defendant MOHI denied under oath that he had ever been arrested, cited, or detained by any law enforcement officer for any reason, that he had ever been charged with committing any crime or offense, and that he had ever been in jail or prison. Defendant MOHI also denied on his naturalization application that he had ever given false or misleading information to any U.S. government official while applying for any immigration benefit. Defendant MOHI swore to the truthfulness of the information in his naturalization application.

8. On or about June 24, 2004, CIS approved Defendant MOHI's naturalization application. On or about July 2, 2004, Defendant MOHI took the oath of allegiance and was admitted as a United States citizen.

3

9.     On or about November 23, 2004, Defendant MOHI pled guilty in the Circuit Court for the County of Macomb, Michigan to one count of criminal sexual conduct in the 4th degree, in violation of MCL 750.520e(1)(b); two counts of furnishing alcohol to a minor, in violation of MCL 436.1701(1); and one count of contributing to the delinquency of a minor, in violation of MCL 750.145.  On or about January 5, 2005, Defendant MOHI was sentenced to two years probation.

## COUNT ONE

(False Statements - 18 U.S.C. § 1001(a))

1.     Paragraphs 1-9 of the General Allegations are hereby incorporated by reference.

2.     On or about June 24, 2004, in the Eastern District of Michigan, Southern Division, Defendant MOHI knowingly and willfully made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the United States Citizenship and Immigration Services, an agency of the executive branch of the United States, in the Application for Naturalization (Form N-400), as specified in Paragraph 7 of the General Allegations, which are incorporated herein by reference, in violation of Title 18, United States Code, Section 1001(a).

4

## COUNT TWO

(False Oath in Matter Relating to Naturalization - 18 U.S.C. § 1015(a))

1.      Paragraphs 1-9 of the General Allegations are hereby incorporated by reference.

2.      On or about June 24, 2004, in the Eastern District of Michigan, Southern Division, Defendant MOHI knowingly made a false statement under oath in a case, proceeding and matter relating to, under, and by virtue of a law of the United States relating to naturalization, in that, while under oath in connection with an Application for Naturalization (Form N-400), Defendant MOHI made the false statements alleged in Paragraph 7 of the General Allegations of this Indictment, which are incorporated herein by reference, to a United States Citizenship and Immigration Services district adjudications officer, in violation of Title 18, United States Code, Section 1015(a).

## COUNT THREE

(Unlawful Procurement of Naturalization, 18 U.S.C. § 1425(a))

1.      Paragraphs 1-9 of the General Allegations are hereby incorporated by reference.

2.      Between on or about June 24, 2004, and on or about July 2, 2004, in the Eastern District of Michigan, Southern Division, Defendant MOHI knowingly procured his naturalization as a U.S. citizen contrary to law, that is in violation of 18 U.S.C. §§ 1001(a) and 1015(a), 8 U.S.C. §§ 1427 and 1101(f)(6), and 8 C.F.R. §§ 316.10(b)(3)(iii) and 316.10(b)(2)(vi).  Specifically, Defendant MOHI committed unlawful acts that adversely reflected upon his moral character.  Also, Defendant MOHI made the following false statements under oath in his Application for Naturalization (Form N-400), on or about June 24, 2004:

a.      Under Part 10, Question 16, Defendant MOHI denied that he had ever been arrested, cited, or detained by any law enforcement officer for any reason, when in fact, as Defendant MOHI then well knew, Defendant MOHI had been arrested for criminal sexual conduct in the 4th degree, furnishing alcohol to a minor, and contributing to the delinquency of a minor, as described in Paragraphs 4 and 5 of the General Allegations, incorporated herein.

6

b. Under Part 10, Question 17, Defendant MOHI denied that he had ever been charged with committing any crime or offense, when in fact, as Defendant MOHI then well knew, Defendant MOHI had been charged with committing criminal sexual conduct in the 4th degree, furnishing alcohol to a minor, and contributing to the delinquency of a minor, as described in Paragraphs 4-6 of the General Allegations, incorporated herein.

c. Under Part 10, Question 21, Defendant MOHI denied that he had ever been in jail or prison, when in fact, as Defendant MOHI then well knew, Defendant MOHI had been in jail from February 5, 2004, to February 6, 2004, as described in Paragraph 5 of the General Allegations, incorporated herein.

d. Under Part 10, Question 23, Defendant MOHI denied that he ever gave false or misleading information to any U.S. government official while applying for any immigration benefit, when in fact, as Defendant MOHI then well knew, Defendant MOHI had provided false information as described in Paragraph 7 of the General Allegations, incorporated herein.

These false statements were made in violation of Title 18, United States Code, Sections

1001(a) and 1015(a); Title 8 United States Code, Sections 1101(f)(6) and 1427; and 8

C.F.R. Sections 316.10(b)(2)(vi) and 316.10(b)(3)(iii).

All in violation of Title 18, United States Code, Section 1425(a).

THIS IS A TRUE BILL

Foreperson

STEPHEN J. MURPHY
United States Attorney

ERIC STRAUS
Assistant United States Attorney

MARK J. JEBSON
Special Assistant United States Attorney

Dated: 4. 4. 07

8

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes ☑ No | AUSA's Initials: MJ |

**Case Title:** USA v. MOHAMMED ABDUL MOHI

**County where offense occurred :** WAYNE

Case: 5:07-cr-20172
Assigned To: O'Meara, John Corbett
Referral Judge: Scheer, Donald A
Filed: 04-04-2007 At 01:25 PM
INDI USA V. SEALED MATTER (TAM)

**Check One:**   X Felony   ☐ Misdemeanor   ☐ Petty

X Indictment/_____Information --- **no prior complaint.**
_____Indictment/_____Information --- based upon prior complaint [Case number: ]
_____Indictment/_____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information:

**Superseding to Case No:** _____   **Judge:** _____

☐   Original case was terminated; no additional charges or defendants.
☐   Corrects errors; no additional charges or defendants.
☐   Involves, for plea purposes, different charges or adds counts.
☐   Embraces same subject matter but adds the additional defendants or charges below:

**Defendant name**                    **Charges**

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

April 4, 2007
Date

MARK J. JEBSON
Special Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9100
Fax: (313) 226-4679

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

5/20/04